**SO ORDERED.**

**SIGNED this 16 day of June, 2015.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# FAYETTEVILLE DIVISION

IN RE:

JEANNINE N. BERMAN, *Deceased*　　　　　　CASE NO. 11-07886-8-DMW

　　　　　DEBTOR　　　　　　　　　　　　　CHAPTER 11

## ORDER DENYING EX-PARTE MOTION TO PREVENT TURNOVER

This matter comes on to be heard upon the *Ex Parte* Motion in the Cause to Prevent Turnover of Computers to Michel S. McGinnis ("Motion to Prevent Turnover") filed on behalf of the Micheletti Family Trust ("Micheletti") on June 12, 2015, the Motion in the Cause to require Turnover of Computers filed by Micheletti ("Motion for Turnover") on June 12, 2015, and the Trustee's Response to (I) Motion in the Cause to Require Turnover of Computers and (II) *Ex Parte* Motion in the Cause to Prevent Turnover of Computers to Michael S. McGinnis ("Response") filed by Richard D. Sparkman ("Trustee"), Chapter 7 trustee, on June 12, 2015. The court conducted an emergency telephone hearing on June 12, 2015. John G. Rhyne, Esq. appeared for Micheletti, and Joseph N. Callaway, Esq. appeared for the Trustee. Based upon the evidence presented, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. On October 14, 2011, Jeannine N. Berman ("Debtor") filed a petition under Chapter 11 of the United States Bankruptcy Code ("Code").

3. After the Debtor's death on August 17, 2012, the court converted the case to a Chapter 7 proceeding on September 27, 2012.

4. On October 11, 2013, the Trustee filed an adversary proceeding captioned *Sparkman, Trustee v. Michael S. McGinnis, et al*, adversary proceeding number 13-00171-8-RDD ("Trustee's AP"). The Trustee's AP sought to avoid and set aside certain transfers made to the Debtor's IRA investments and other assets under Chapter 5 of the Code.

5. On September 24, 2014, Micheletti and Glaves Living Trust filed an adversary proceeding captioned *Micheletti Family Trust, et al. v. Jeannine N. Berman*, adversary proceeding number 14-00153-8-RDD ("Micheletti AP"). The Micheletti AP sought the revocation of the Debtor's Chapter 7 discharge pursuant to 11 U.S.C. §727(d).

6. The court ordered the Trustee's AP and the Micheletti AP to mediation. The mediated settlement conference occurred on December 9, 2014 and resulted in a global resolution of the Trustee AP and the Micheletti AP.

7. The Trustee filed a Motion to Compromise Adversary Proceeding ("Motion to Compromise") on December 12, 2014 under the terms of the Mediation Settlement Agreement ("MSA"). The parties, their counsel, and the mediator signed the MSA.

8. On January 15, 2015, the court approved the compromise as provided in the MSA.

9. Paragraph 13 of the MSA states:

"Upon the close of the bankruptcy estate by final decree and confirmation by the bankruptcy estate CPA's that the same are no longer needed, which shall be no later than June 16, 2015, the Trustee shall deliver Mr. Sasser the computers and phones of the debtor along with known access codes and passwords."

10. In order to prevent the Trustee from delivering the computer, phones, and tablets ("Electronic Property") of the Debtor to Michael S. McGinnis ("McGinnis"), Micheletti filed the Motion to Prevent Turnover. Micheletti believes that there are unscheduled, unreported, and unfound assets of the Debtor. Those assets now belong to Micheletti. Micheletti also believes that the key to finding such unscheduled, unreported, and unfound assets of the Debtor may lie in the Electronic Property. Micheletti argued that if the Electronic Property is delivered to McGinnis, in care of Travis Sasser, on June 16, 2015, a real and imminent possibility exists that any evidence of unscheduled, unreported, and unfound assets of the Debtor will be lost forever.

11. The Trustee asserted, both in his Response and during the telephonic hearing, that he intends to comply with the MSA unless otherwise instructed by this court.

12. The parties freely negotiated and willingly signed the MSA. The parties had the capability of negotiating each provision of the MSA, including the turnover of the Electronic Property to McGinnis. Regardless of whether the failure to negotiate the terms of the turnover was an oversight at the time of mediation or whether the terms of Paragraph 13 are now regrettable in hindsight, the court should not modify the terms of an executed agreement resulting from an arms-length negotiation under the supervision of a seasoned and experienced mediator.

13.     The Honorable Randy D. Doub approved the MSA on January 15, 2015, and the turnover of the Electronic Property to McGinnis was not scheduled to occur until June 16, 2015. Instead of pursuing the remedy sought during that six month period, Micheletti filed an emergency motion four days before the scheduled turnover date. During the period of time from January 15, 2015 to June 16, 2015, Micheletti had an opportunity to request an inspection of the Electronic Property. The court has not seen any evidence that Micheletti was prohibited from inspecting the Electronic Property while it was in the possession of the Trustee.

14.     The MSA, as approved by the court, is valid as entered, is binding on the parties, and a modification of the MSA or Judge Doub's Order is not justified; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Motion for Turnover and the Motion to Prevent Turnover are denied.

END OF DOCUMENT